Petition of UNITED STATES STEEL PRODUCTS CO.

(District Court, S. D. New York. November 17, 1926.)

1. Collision ⊂⇒115—Where ships collided, due to fault of both, owners of cargo on one may recover against other, which may recoup against first.

Where ship A collides with ship B, owing to fault of both, owners of cargo on B are entitled to recover against A, though not against B, and owners of A may recoup against B the proper share of what they had to pay the cargo owners.

2. United States ⊂⇒125—Cargo owners held not entitled to intervene in proceeding for limitation of liability for collision with government vessel (Harter Act, § 3 [Comp. St. § 8031]).

In proceeding by owner of ship to limit liability for collision, causing loss of government-owned vessel, where it was found that both vessels were at fault, held, owners of cargo on petitioner's vessel were not entitled to leave to intervene, since to permit them to intervene

and share in money obtained by the United States would in effect be a suit against the United States, which had not consented to be sued, notwithstanding they had no claim against shipowner, because of Harter Act, § 3 (Comp. St. § 8031).

In Admiralty. Petition of the United States Steel Products Company, as owner of the steamship Steel Inventor, for limitation of liability. On motion of the California Packing Corporation and others, owners of cargo on the Steel Inventor, for leave to intervene, opposed by the United States, owner and claimant of the steamship Woolsey. Motion denied.

This is a petition for limitation of liability by the owner of the Steel Inventor. The cause of filing petition was collision with the United States steamship Woolsey, as the result of which collision the Woolsey sank and became a total loss. The United States claimed for the loss of the Woolsey and answered the petition. On trial both vessels were held at fault. Pending reference on damages, a motion was made (hereinafter described) by persons owning cargo on the Steel Inventor.

Bigham, Englar & Jones and Leonard J. Matteson, all of New York City, for California Packing Corporation and others.

Horace M. Gray, Asst. U. S. Atty., of New York City, for the United States.

John W. Griffin, of New York City, for owners of the Steel Inventor.

HOUGH, Circuit Judge. In this cause, now pending before the commissioner after interlocutory decree, the California Packing Corporation, on behalf of itself and others similarly situated, has filed a petition for leave to intervene. For present purposes it may be assumed that the petitioner and all the other persons and corporations enumerated possess whatever rights they do possess as the owners of cargo laden upon the Steel Inventor. This is said, because I think it makes no difference whether the claims sought to be propounded are for general average charges or not; the right in which every claim must be advanced is that of a cargo owner; it is only *as* cargo owners that these people have any rights at all.

To this petition the United States as an answering claimant interposes what may (by way of description) be called a demurrer or peremptory exception, and so the question is raised whether in any way or by any route the petitioner and others similarly situated can procure any relief. I shall express opinion on this question and pass by all the numerous

points of practice or procedure which suggest themselves.

This suit or action is brought by the owner of the Steel Inventor solely for the purpose of ascertaining and limiting said owner's liability. To the petition for limitation the United States has answered, and the issues raised by the answer are these: First. Is the owner entitled to limitation? Second. What party or parties to the litigation were guilty of fault in the premises? Third. If the owner of the Steel Inventor was negligent, how much must it pay?

Let it be assumed for purposes of discussion that ordinarily any one could in some way become a party to this suit who had a provable claim against either the petitioning shipowner or the answering claimant. I do not assent to this proposition, but only assume it for argument's sake. But on this assumption the next question is: Are there any special reasons why the person seeking to enter the litigation has no claim against one or both of the parties litigant? These cargo owners have no claim against the shipowner because of the third section of the Harter Act (Comp. St. § 8031); and they have no claim against the United States, either as owner of the Woolsey or otherwise, because (shortly) the claim would be against the nation, which cannot be sued.

It is asserted in support of the petition that the United States is practically or substantially open to a species of suit in this litigation because, in order to get what it could out of the Steel Inventor, the nation has voluntarily come into this suit and submitted its rights and wrongs to the court, and The Thekla, 266 U. S. 328, 45 S. Ct. 112, 69 L. Ed. 313, is said to be applicable. It does not seem to me necessary to point out the many differences between this litigation and that of The Thekla, because in my judgment the rights of cargo owners on the Steel Inventor can only be worked out on the principle authoritatively laid down in The Chattahooche, 173 U. S. 540, 19 S. Ct. 491, 43 L. Ed. 801.

[1, 2] That principle is that, when ship A is in a collision with ship B, owing to the fault of both parties, and the cargo owners on B are entitled to recover against A, though not against B, the owners of A may recoup against B the proper share of what they had to pay to the cargo owners. The word "recoup" is significant and controlling, for the whole theory of any recovery against anybody by the cargo owners on B rests on a direct liability existing on the part of ship A or its owners to said cargo owners.

In the foregoing syllogism, as applied to this case, the minor premise is totally lacking, for these cargo owners, under The Western Maid, 257 U. S. 419, 42 S. Ct. 159, 66 L. Ed. 299, have not and never had either any claim in personam against the United States, or any jus in re in respect of the Woolsey, had it survived the collision. The California Packing Corporation et al. never brought any suit against either the United States or the owners of the Steel Inventor. They are strangers to this litigation down to the moment of filing this petition. By this petition they seek to share in moneys to be obtained by the United States, and to do so by what in effect is a direct suit. The suit is direct, because no equity on their behalf can be worked out through or by means of the rights of the Steel Inventor.

My conclusion is that the petition cannot be sustained, because it is a new and independent suit against the nation. For this reason, all relief under the petition is denied, and an order to that effect may be entered upon notice.